# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN DEWAYNE ALI,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:14-1354 |
| v. | : | JUDGE MANNION |
| **WARDEN DAVID EBBERT,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Susan E. Schwab which recommends that the instant action be denied. (Doc. 8). To date, the petitioner has not filed any objections to the report. Based upon a review of the report and related documents, the report of Judge Schwab will be adopted in its entirety.

By way of relevant background, on July 14, 2014, the petitioner, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed the instant action in which he alleges that his rights were violated under the Federal Extradition Act, 18 U.S.C. §3182, and seeks to have the respondent temporarily transfer him to a state court in Michigan to appear on an outstanding bench warrant[1]. (Doc. 1). On July 30, 2014, Judge Schwab

---

[1] Although the respondent and Judge Schwab also address the matter
(continued...)

issued an order to show cause. (Doc. 5). A response to the action was filed on August 15, 2014, (Doc. 6), and the petitioner filed a reply brief on August 22, 2014, (Doc. 7).

On April 27, 2015, Judge Schwab filed the pending report, in which she finds that the Extradition Act is inapplicable to the petitioner's case and his petition should therefore be denied. As previously indicated, the petitioner has not filed any objections to Judge Schwab's report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court

---

[1](...continued)
as being filed pursuant to 28 U.S.C. §2241, it is clear from both the petitioner's initial filing, as well as his reply brief, that he only seeks relief pursuant to §3182. Therefore, the court will only address this basis for the petition. The court notes, however, that Judge Schwab's discussion of §2241 is well-taken.

may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As discussed by Judge Schwab, the Extradition Clause of the United States Constitution provides that "[a] person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. CONST. art. IV, §2, cl. 2. The Extradition Clause is not self-executing. See California v. Superior Court, 482 U.S. 400, 406 (1987) (citations omitted). See also Kornegay v. Ebbert, 502 Fed. App'x 131, 134 (3d Cir. 2012). Instead, Congress has effectuated the Extradition Clause through federal statute, namely 18 U.S.C. §3182, the Extradition Act. California, 482 U.S. at 406; Kornegay, 502 Fed. App'x at 134. The Extradition Act requires the executive authority of an "asylum" state to deliver to the "demanding" state a fugitive against whom a properly certified indictment or affidavit charging a crime is lodged. California, 482 U.S. at 407; Kornegay, 502 Fed. App'x 134. The Extradition Act, however, does not apply to the United States and does not speak to persons in federal custody. Kornegay, 502 Fed. App'x 134. See

3

also Thomas v. Levi, 422 F.Supp. 1027, 1032 (E.D.Pa. 1976). As determined by Judge Schwab, because the petitioner is in federal custody and is requesting a transfer from a federal penitentiary to a state court in Michigan, the Extradition Act does not apply in his case and the petitioner cannot state a claim under §3182.

The court has reviewed the recommendation of Judge Schwab. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusion in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1354-01.wpd